SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**CHRISTOPHER CARDANI, MASB #550609**
Christopher.Cardani@usdoj.gov
**MEREDITH BATEMAN, OSB # 192273**
Meredith.Bateman@usdoj.gov
Assistant United States Attorneys
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**DAVID STARLING, and BENJAMIN YOUNG,**

**Defendants.**

**3:26-cr-00205-AN**

**JOINT MOTION TO CONTINUE TRIAL DATE**

The United States of America, and defendants David Starling and Benjamin Young, jointly move this Court pursuant to 18 U.S.C. § 3161(h)(7)(A) to continue the trial date for a period of six months. Support for this request follows.

**Background**

The indictment charging both defendants was returned on June 10, 2026. (ECF 1). Both defendants reside in Utah. Defendant Young made his initial appearance via summons and was arraigned on June 30, 2026. (ECF 14). His trial was set for September 1, 2026. At the time,

defendant Young was represented by the Federal Defender's Office. Since the arraignment, there was a change of counsel, and Samuel Kauffman now represents defendant Young. (ECF 27). Defendant David Starling was arraigned in Oregon on July 20, 2026, and his trial date is currently set for September 22, 2026. (ECF 25). Both defendants were released on conditions. This Court scheduled a telephonic status hearing for August 17, 2026, at 2:00 p.m. (ECF 29).

Count One alleges that defendants conspired to defraud the United States Government by unlawfully obtaining millions in Covid-related program benefits through a complex scheme involving two different federal agencies. Volume 1 of discovery has been finalized for transmission. It consists of 6,785 documents, 59,553 pages, and is 53GB in size. It will be provided to the defense with an index once thumb drives are provided to the USAO by counsel. The discovery is substantively complex and includes numerous spreadsheets, tax and social security forms involving multiple individuals, applications for program benefits, and witness statements. There will be additional discovery, primarily consisting of the defendants' emails obtained through a search warrant. This additional discovery will be provided once the material is reviewed for attorney-client privilege.

**The Law**

The Speedy Trial Act, codified at 18 U.S.C. § 3161, requires that a trial commence within 70 days of initial appearance or indictment. The statute sets forth various delays that are justifiably excluded from the 70-day calculation. 18 U.S.C. § 3161(h)(1)(A)–(H). For time to be excluded, the Court must make certain findings on the record that the ends of justice outweigh the public and defendants' interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Excludability is not automatic and the amount of time excluded must be reasonable. *United States v. Henry*, 984 F.3d 1343, 1350 (9th Cir. 2021). Reasonableness is based on the

facts of the case. *Id*. The factors a court must consider include whether the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits." 18 U.S.C. § 3161(h)(7)(B)(ii). Courts look to whether the delay was necessary to achieve its purpose and to whether there will be any actual prejudice by the delay. *Henry*, 984 F.3d at 1350.

The parties may offer a stipulation containing detailed and verified factual findings specifically describing why the case should be considered complex. *Id*. at 1353. To justify a continuance, the Court must make findings on the record detailing why the case is complex, and it may base those findings on the parties' stipulated facts. *Id*. The record must show the court considered the "ends of justice" factors and did not simply approve a request for a continuance without making an inquiry into the need for the continuance. *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000). The length of the exclusion should be "limited in time." *Id*.

The facts at issue, and the law governing the entitlement of government benefits, are both complex. Preparing an effective defense will require a thorough review of the voluminous discovery, the relevant law and regulations, and a defense investigation. These are factors recognized as appropriate exclusions under the statute. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv).

Based on the individual facts of this case, the complexity of the facts and law, and the need to prepare an effective defense, the parties jointly recommend that the Court grant a six-month continuance, to March 2027. [1]

---

[1] Absent a severance the trial date should be the same for both defendants, who were indicted together.

Defense counsel have consulted with their clients. It is the government's understanding through email communications with counsel that neither defendant objects to the request to continue the trial. This will be confirmed by counsel during the status conference scheduled for Monday, August 17, 2026.

If, after a review of this motion and the status conference, the Court agrees with this joint motion, it should make a finding, orally or in writing, that a six-month continuance is in the best interests of justice and explain the basis for this finding.

Dated: August 17, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Christopher Cardani*
CHRISTOPHER CARDANI, MASB #550609
Assistant United States Attorney

*/s/ Meredith Bateman*
MEREDITH BATEMAN, OSB # 192273
Assistant United States Attorney

*/s/ Jeremy Delicino*
JEREMY DELICINO
Attorney for David Starling

*/s/ Samuel Kauffman*
SAMUEL KAUFFMAN
Attorney for Benjamin Young